UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING THE USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE ON THE SPRINT CELLULAR PHONE ASSIGNED CALL NUMBER 508-425-9871 AND BEARING IMSI 310120017420395 | M.J. Docket No. 16-mj-4379-DHH<br><br>EX PARTE APPLICATION<br><br>**FILED UNDER SEAL**<br><br>ALLOWED David H. Hennessy U.S.M.J.<br><br>**Oct 13, 2016** |

APPLICATION FOR A PEN REGISTER AND TRAP AND TRACE DEVICE

The United States of America, by Assistant U.S. Attorney Mark J. Grady ("Applicant"), applies to the Court for an Order pursuant to 18 U.S.C. §§ 3122 and 3123, authorizing the installation and use anywhere within the United States of a pen register and a trap and trace device on the Sprint cellular phone assigned phone number 508-425-9871, listed to No Name Given, PO Box 15955, Lenexa, KS 66285 and bearing IMSI[1] 310120017420395 used by Jorge Burgos (hereinafter the "Target Telephone"), and to any changed telephone number subsequently assigned the same IMSI number used by the Target Telephone.

In support of this application, I state as follows:

---

[1] Telephone networks differ in the technology they use to identify a subscriber and hardware connected to their networks.
  The IMSI ("International Mobile Subscriber Identifier") is a unique identification associated with all GSM, UMTS and LTE network mobile phone users, such as those on the AT&T Wireless, T-Mobile and sometimes Metro PCS networks. It is stored as a 64-bit field in the SIM ("Subscriber Identity Module") circuit which is imbedded into a removable plastic card and commonly referred to as a "SIM Card." The SIM Card can be transferred between different mobile devices, but retains the IMSI, which is coded as a thirteen to fifteen digit long numeric field that the mobile phone sends to the phone's cellular phone network. The cellular network uses the IMSI to identify the subscriber.
  The ESN/MEID ("Electronic Serial Number"/"Mobile Equipment Identifier") number is a globally unique number used to identify the physical hardware of a CDMA cellular telephone, such as those used on Verizon Wireless, Sprint and sometimes Metro PCS CDMA networks. The ESN/MEID number is burned into the actual hardware of a CDMA cellular telephone and is generally resistant to modification. It is used to identify the manufacture code and serial number of the device. CDMA networks utilize this number, along with the Mobile Identification Number (MIN) to identify the details of the mobile device, including the subscriber.

1.       I am currently an "attorney for the Government" as defined in Fed. R. Crim. P. 1(b)(1), and therefore, pursuant to 18 U.S.C. § 3122, may apply for an order authorizing the installation and use of a pen register and a trap and trace device.

2.       This Court has jurisdiction to grant this application pursuant to 18 U.S.C. §§ 3123(a)(1) and 3127(2)(A).

3.       I certify that law enforcement agents from the DEA are conducting a criminal investigation of Burgos and unknown others in connection with possible violations of 21 U.S.C. 841, distribution of controlled substances and 21 U.S.C. 846, conspiracy; it is believed that the subjects of the investigation are using the above described Target Telephone in furtherance of the subject offenses and that the information likely to be obtained from the pen register and trap and trace device is relevant to the ongoing criminal investigation.

4.       In this regard, within the last two weeks, a cooperating source ("CS") placed an unrecorded call to the Target Telephone (in the presence of DEA agents) for the purpose of arranging the purchase of ten bags of heroin. Agents searched the CS for contraband and provided purchase money for the heroin. Thereafter, agents followed the CS to the meeting arranged during the phone call while additional agents positioned themselves to conduct surveillance of the meeting location. At the meeting location, an unknown Hispanic male ("UHM-1") entered the CS's vehicle. The CS and UHM-1 then drove to a second location. A second vehicle, a Jeep with Massachusetts registration 38KV30, soon arrived and parked behind the CS's vehicle. The Jeep was operated by a second unknown Hispanic male ("UHM-2"). UHM-1 exited the CS's vehicle, approached the Jeep and conversed with UHM-2, then returned to the CS's vehicle. Moments later, UHM-1 left the CS's vehicle and returned to the Jeep. Both vehicles then left the area. The CS was followed to a pre-arranged meeting location where the CS turned over to agents a bag

containing ten bags of a brown, powdery substance. The CS related that UHM-2 was known to the CS as "Papi," which agents believe to be a nickname of Jorge Burgos. The Jeep is registered to Jessica Burgos, 298 Henshaw Street, Leicester, MA.

4. I request that the Court issue an order pursuant to 18 U.S.C. § 3123 authorizing the installation and use anywhere within the United States for a period of sixty (60) days of:

    (a) a pen register to decode dialing, routing, addressing, and signaling information transmitted by the Target Telephone, excluding the contents of any communication, and

    (b) a trap and trace device to capture the incoming electronic or other impulses to the Target Telephone that identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication.

5. I further request, pursuant to 18 U.S.C. § 3127, that the Court's order specifically include the dialing, routing, addressing, and/or signaling information to and from the Target Telephone for any and all electronic communications as defined in 18 U.S.C. § 2510(12), including text, MMS and SMS messages, excluding the contents of any electronic communications.

6. I further request that the Court's order apply not only to the telephone number listed above, but also to any changed telephone number assigned the same IMSI number as the Target Telephone within the 60-day period of authorization.

7. I further request that the Court order, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124, that Sprint and any other person or entity providing wire or electronic communication service to the Target Telephone, furnish the DEA forthwith all information, facilities, and technical

assistance necessary to accomplish the installation and use of the pen register and trap and trace device unobtrusively and with a minimum of interference with the normal services provided to the Target Telephone.

8. I further request that Sprint, any other person or entity providing wire or electronic communication service to the Target Telephone, and anyone else providing assistance to the applicant, be ordered, pursuant to 18 U.S.C. § 3123(d), not to disclose the existence of this application, the Court's Orders, and the existence of a pen register and trap and trace device on the Target Telephone or the existence of the investigation to any person, unless and until otherwise ordered by this Court.

9. I further request that the Court issue an original Service Provider Order, in the form submitted herewith, for service upon Sprint and any other person or entity providing wire or electronic communication service to the Target Telephone from which the statement of offenses and the name(s) of the person(s) under investigation have been removed.

10. I finally request that the order bind not only Sprint but also any other person or entity providing wire or electronic communication service to the Target Telephone upon service of a copy of this Order without further order of this Court being required.

WHEREFORE, it is respectfully requested that the Court grant an order authorizing for a period of 60 days from the date of the order the installation and use anywhere within the United States of a pen register and trap and trace device, and directing Sprint and any other person or entity providing wire or electronic communication service to the Target Telephone forthwith furnish law enforcement agents from the DEA with all information, facilities and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device on the Target Telephone.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Mark J. Grady*
MARK J. GRADY
Assistant U.S. Attorney

Date Submitted: 10/13/2016